UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

NESTLE WATERS NORTH AMERICA, INC.,　　　　　　　　　Case No.: 15-5189

                         Plaintiff,

           -against-　　　　　　　　　　　　　　　　　　　　　　**COMPLAINT AND DEMAND FOR JURY TRIAL**

THE CITY OF NEW YORK, and DEPARTMENT OF FINANCE OF THE CITY OF NEW YORK,

                         Defendants.
------------------------------------------------------------------------X

      Plaintiff, Nestle Waters North America, Inc. ("Nestle"), by its attorneys, Gerstman Schwartz & Malito, LLP, complaining of Defendants, City of New York and Department of Finance of the City of New York, (collectively "the Defendants"), sets forth and alleges as follows:

## PRELIMINARY STATEMENT

      1.    This action stems from Defendants' unlawful and deliberate policy of issuing jurisdictionally defective parking summonses and, thereby, collecting substantial revenue in contravention of Vehicle and Traffic Law (hereinafter "VTL") § 238(2).

      2.    Plaintiff Nestle, a corporation which regularly operates commercial trucks in New York City, has been subjected to this unlawful policy for years and, as a result, has been forced to pay millions of dollars in fines in satisfaction of the jurisdictionally defective summonses issued and enforced by Defendants.

      3.    Plaintiff Nestle seeks by this action to recover from Defendants the aggregate monetary sum remitted in the form of unlawfully imposed fines.

4. Defendants' policy of issuing and enforcing jurisdictionally defective summonses, under color of law, has violated Plaintiff's right to procedural and substantive due process. As such, Plaintiff hereby seeks redress and restitution pursuant to 42 U.S.C. §§ 1983 and 1988.

5. Plaintiff seeks further redress under the laws of the State of New York in that Defendants have been unjustly enriched and must not, under the principles of equity and good conscience, be permitted to retain monies that were unlawfully collected through a policy of deliberately issuing and enforcing jurisdictionally defective summonses.

## JURSIDCITION AND VENUE

6. This Court has federal question jurisdiction, pursuant to 28 U.S.C. § 1331, over all claims arising under 42 U.S.C. §§ 1983 and 1988.

7. This Court has supplemental jurisdiction to adjudicate all pendent claims, pursuant to 28 U.S.C. § 1367, arising under the laws of the State of New York.

8. Venue properly lies in this Court because it is a judicial district in which the events or omissions giving rise to the claims alleged herein occurred.

## PARTIES

9. Plaintiff Nestle Waters North America, Inc., is a foreign business corporation, duly organized pursuant to the laws of the State of Delaware, with its principal place of business located at 900 Long Ridge Road, Building # 2, Stamford, Connecticut 06902.

10. Defendant City of New York is a city incorporated under the laws of the State of New York.

11. Defendant Department of Finance of the City of New York (hereinafter "DOF"), also known as the Parking Violations Bureau ("PVB"), administers and adjudicates parking

violations within the City of New York. The DOF maintains business centers in each of the five boroughs comprising the jurisdictional boundaries of the City of New York.

## STATEMENT OF FACTS

12. Plaintiff Nestle, as the owner and operator of commercial trucks across state lines, participates in the International Registration Plan (hereinafter "IRP"), a registration reciprocity agreement among states of the United States, the District of Columbia, and provinces of Canada providing for payment of license fees on the basis of fleet distance operated in various jurisdictions.

13. Under the terms of the IRP, the highway use tax paid by the truck owner is apportioned among the states and provinces in which the trucks are used.

14. Upon information and belief, every state with trucks registered under the IRP, with the exception of New York State, issues special commercial license plates that are labeled "APPORTIONED."

15. Upon information and belief, New York is the sole state within which license plates issued pursuant to the IRP are issued and registered under the physical label "IRP."

16. At all times relevant hereto, Defendants maintained a policy of issuing summonses for parking violations to out-of-state trucks wherein the description "IRP" was regarded as an accurate physical description of an "APPORTIONED" license plate (hereinafter the "Policy").

17. On May 24, 2012, Plaintiff Nestle appeared at a hearing before the DOF, Commercial Adjudications Unit, to contest the issuance of thirty-eight (38) parking summonses on the ground that the description "IRP" was not an accurate physical description of the "APPORTIONED" license plates issued to its trucks and, consequently, violative of Vehicle and Traffic Law § 238(2).

3

18. Vehicle and Traffic Law § 238(2) requires strict compliance with respect to the five (5) elements identified therein as necessary for the issuance of a proper summons for a parking violation.

19. Defendants' policy violated an express provision of VTL § 238(2) which requires, among other things, that a notice of violation or summons shall include "plate type *as shown* by the registration plates of said vehicle[.]" (emphasis added).

20. On March 24, 2012, despite being apprised of its violative and arbitrary policy, the DOF upheld the issuance of the summonses then challenged by Plaintiff, adjudicated Plaintiff guilty on all summonses, and imposed fines in the total amount of $3,835.00.

21. On June 26, 2012, Plaintiff Nestle appeared at a hearing before the Appeals Board of Parking Violations Bureau of the City of New York (hereinafter the "Board") to appeal the adjudication of the aforementioned summonses on the ground that the administrative law judge failed to consider the evidence submitted and failed to apply the law, in direct contravention of the VTL, in upholding Defendants' policy of deeming "IRP" to be an accurate physical description of an out-of-state license plated labelled "APPORTIONED."

22. On June 26, 2012, the Board, finding no error of law or fact, dismissively upheld the blatantly unlawful judgment of the Commercial Adjudications Unit.

23. On or about October 2012, Plaintiff initiated an Article 78 Proceeding in the Supreme Court, New York County, seeking annulment of the final determination of the Board, dated June 26, 2012, remission of all fines paid in connection with the thirty eight (38) summonses challenged, and a declaratory judgment deeming Defendants' policy violative of VTL § 238(2).

24. On or about March 8, 2013, the Supreme Court, New York County, denied Plaintiff's Article 78 Petition and dismissed its request for declaratory relief.

24. Thereafter, Plaintiff appealed said dismissal to the Supreme Court, Appellate Division, First Department.

25. On July 31, 2014, the Appellate Division, First Department, issued a Decision and Order in which it reversed the Supreme Court's dismissal of the Article 78 Proceeding, annulled the final determination of the Board, vacated and dismissed the challenged summonses, and declared that Defendants' "policy of deeming 'IRP' an accurate description of 'Apportioned' license plates issued outside of New York State is violative of § 238 of the Vehicle and Traffic Law." *See* **Exhibit "A"** – Decision and Order, First Department, July 31, 2014, *Nestle Waters North America, Inc. v. City of New York*, 121 A.D.3d 124 (1st Dep't 2014).

26. On or about November 10, 2014, Plaintiff served a Notice of Claim upon Defendants demanding, among other things, reimbursement of fines paid for 41,800 jurisdictionally defective summonses issued pursuant to Defendants' unlawful and arbitrary policy since 2010.

27. Plaintiff demanded a combined refund for the aforementioned summonses in the amount of $4,101,835.00.

28. On May 24, 2015, Defendants summarily denied Plaintiff's claim, thus necessitating the commencement of the instant action.

**FIRST CAUSE OF ACTION**
(42 U.S.C. § 1983 – Procedural Due Process)

29. Plaintiff repeats, reiterates, and re-alleges every allegation set forth in the prior paragraphs with the same force and effect as though fully set forth herein.

30. Under the Fourteenth Amendment to the United States Constitution, procedural due process requires notice of the pendency of an action and a *meaningful opportunity* to be heard before a *neutral* decision-maker.

5

31. At all times relevant hereto, Defendants maintained and enforced an express policy of deeming the designation "IRP" an accurate physical description of "APPORTIONED" license plates in direct violation of VTL § 238(2) and, pursuant to this policy, issued and enforced jurisdictionally defective summonses for parking violations against Plaintiff.

31. At all times relevant hereto, Plaintiff had a cognizable property interest in the monetary sums collected by Defendants in the form of fines and penalties imposed pursuant to Defendants' unlawful policy of issuing jurisdictionally defective summonses for parking violations.

32. At all times relevant hereto, Plaintiff was deliberately and systematically deprived of its property interest through the imposition and enforcement of fines pursuant to an established state procedure consisting of (1) the unlawful and deliberate issuance of jurisdictionally defective summonses for parking violations and (2) biased adjudication of said summonses by Administrative Law Judges (hereinafter "ALJ's") that were instructed, trained, or otherwise pressured by Defendants to resolve challenges to the issuance of said summonses against Plaintiff and other similarly situated persons and entities.

33. Upon information and belief, at all times relevant hereto, the aforementioned policy was implemented and deliberately designed to deprive Plaintiff and others accused of parking violations of meaningful pre-deprivation procedures for the purpose of generating revenue for Defendant City of New York.

34. As the policies, practices, and procedures deliberately and systematically employed by Defendants constitute an established state procedure, the availability of post-deprivation remedies, such as an appeal to the Board or the commencement of an Article 78 proceeding, fail

to satisfy the procedural due process protections to which Plaintiff is entitled under the United States Constitution.

35. Therefore, as a direct and proximate result of Defendants' actions pursuant to an established state policy, Plaintiff was issued jurisdictionally defective summonses for parking violations and forced to pay fines in direct contravention of the laws of the State of New York and thereby deprived of its right to procedural due process.

## SECOND CAUSE OF ACTION
(42 U.S.C. § 1983 – Substantive Due Process)

36. Plaintiff repeats, reiterates, and re-alleges every allegation set forth in the prior paragraphs with the same force and effect as though fully set forth herein.

37. Under the Fourteenth Amendment to the United States Constitution, a substantive due process violation occurs when a state actor deprives a person or entity of a cognizable property interest through arbitrary or irrational means.

38. Any action taken beyond the scope of a governmental actor's authority that deprives a person or entity of a property interest is an *ultra vires* act and, therefore, sufficiently arbitrary to constitute a substantive due process violation.

39. At all times relevant hereto, Plaintiff had a cognizable property interest in the monetary sums collected by Defendants in the form of fines and penalties imposed pursuant to Defendants' unlawful policy of issuing jurisdictionally defective summonses for parking violations.

40. At all times relevant hereto, Defendants maintained and enforced an express policy of deeming the designation "IRP" an accurate physical description of "APPORTIONED" license plates in direct violation of VTL § 238(2) and, pursuant to this policy, issued and enforced jurisdictionally defective summonses for parking violations against Plaintiff.

7

41. The aforementioned policy has been declared by the Appellate Division, First Department, to be (1) unlawful and contrary to well-established law, (2) beyond the scope of the authority vested in Defendants pursuant to VTL § 238(2), and (3) an impermissible *ultra vires* act tantamount to a unilateral amendment of the express terms of the VTL and usurpation of Legislative power. **Exhibit "A"** - Decision and Order, First Department, July 31, 2014.

42. In its Decision and Order, *Nestle Waters North America, Inc. v. City of New York*, 121 A.D.3d 124, 129 (1st Dep't 2014), the First Department expressly and unambiguously held, in pertinent part, that:

> [T]his Court is bound by the plain language of VTL 238(2). We must conclude that the New York City Parking Violations Bureau's policy of deeming "IRP" an accurate description of out-of-state "APPORTIONED" license plates for purposes of adjudicating parking violations *violates the statute*. As indicated, VTL § 238(2) requires that a notice of parking violation shall include the "plate type *as shown* by the registration plates of said "vehicle" (emphasis added). It is undisputed that each ticket here described the "vehicle type" as "IRP," while the corresponding license plate described the vehicle type as "APPORTIONED." The choice of the words in the statute "as shown" by the vehicle plate is evidence that the legislature intended *strict compliance* with the statute, and *"new language cannot be imported into a statute to give it a meaning not otherwise found therein."*
>
> We are cognizant that the terms "IRP" and "APPORTIONED" are used interchangeably by the New York City Parking Violations Bureau as a convenience. For instance, the automatic coding machines issued to New York City parking enforcement personnel contain the short cut key of "IRP," whereas "APP" or "APPORTIONED" must be keyed in manually. *Nevertheless, the statute simply does not allow for such administrative expedience, and neither this Court nor an administrative agency is permitted to effectively amend a statute to permit such shortcut.* That is a task for the Legislature, if it sees fit.

(emphasis added)

43. Further, the First Department also declared that the final determinations made by Defendant PVB in the course of adjudicating the summonses issued to Plaintiff were contrary to law: "In short, the petition should have been granted because the final determination made by respondent to adjudicate petitioners guilty on each of the summonses ***was contrary to well established law***. Dismissal of the traffic summonses was warranted since they failed to comply with the mandatory requirements of VTL § 238(2)." *Nestle Waters*, 121 A.D.3d at 130. (emphasis added).

44. At all times relevant hereto, Defendants acted pursuant to the aforementioned policy without authority and in contravention of VTL § 238(2), thereby rendering the issuance and enforcement of the summonses against Plaintiff *ultra vires* and, consequently, arbitrary and irrational.

45. It has long been established law in the State of New York that the identification elements codified in VTL § 238(2) are mandatory, may not be omitted and, critically, may not be misdescribed: "Thus, a midescription of any of the five mandatory identification elements also constitutes a ***jurisdictional defect mandating dismissal***." *Nestle Waters*, 121 A.D.3d at 129. (emphasis added).

46. At all times relevant hereto, Defendants implemented the policy with full knowledge that the issuance of said summonses and collection of fines was unlawful, beyond the scope of their authority, and in contravention of VTL § 238(2).

47. Therefore, as a direct and proximate result of Defendants' arbitrary, irrational, and conscience shocking actions, implemented and enforced wholly without legal justification pursuant to a policy in direct contravention of the laws of the State of New York, Plaintiff's substantive due process rights were violated and damages sustained in the form of illegitimate

9

fines and penalties collected through the issuance and enforcement of jurisdictionally defective summonses.

### THIRD CAUSE OF ACTION
(Unjust Enrichment)

48. Plaintiff repeats, reiterates, and re-alleges every allegation set forth in the prior paragraphs with the same force and effect as though fully set forth herein.

49. Under New York law, a claim for unjust enrichment requires that a defendant be enriched at the plaintiff's expense and that principles of equity and good conscience militate against permitting defendant to retain what plaintiff is seeking to recover.

50. At all times relevant hereto, Defendants maintained and enforced an express policy of deeming the designation "IRP" an accurate physical description of "APPORTIONED" license plates in direct violation of VTL § 238(2) and, pursuant to this policy, issued and enforced jurisdictionally defective summonses for parking violations against Plaintiff.

51. As a direct and proximate result of Defendants' unlawful policy, Defendants retained millions of dollars in the form of illegitimate fines and penalties remitted by Plaintiff.

52. As the retention of these monies was a benefit predicated upon the deliberate violation of Plaintiff's constitutional rights and in blatant violation of the law of the State of New York, equity and good conscience demand that Defendants disgorge themselves of this benefit and reimburse Plaintiff for all fines and penalties collected pursuant to the aforementioned policy.

### PRAYER FOR RELIEF

**WHEREFORE**, upon all of the facts and circumstances alleged herein, Plaintiff respectfully requests that this Court:

A. Grant judgment against Defendants on each and every Cause of Action alleged herein;

B.   Enter an Order requiring Defendants to pay monetary damages, restitution, and otherwise disgorge all monies retained, including pre-judgment and post-judgment interest, for all illegitimately issued fines and penalties collected from Plaintiff;

C.   Grant an award of reasonable attorney's fees and costs expended in connection with the prosecution of this action pursuant to 42 U.S.C. § 1988; and

D.   Grant any such other further legal and equitable relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Dated: Garden City, New York
July 2, 2015

GERSTMAN, SCHWARTZ & MALITO, LLP

By: _____
Stanislav Sharovskiy, Esq. (SS4536)
*Attorneys for Plaintiff*
1399 Franklin Avenue, Suite 200
Garden City, New York 11530
Tel. No.: (516) 880-8170
Fax No.: (516) 880-8171
Ssharovskiy@gerstmanschwartz.com